506 F.2d 19
 Pedro GARCIA Plaintiff-Appellee,
v.
BAUER DREDGING COMPANY, INC., Defendant-Appellant.
No. 74-2478 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 8, 1975.
 
 Mike A. Hatchell, Jack W. Flock, Tyler, Tex., Robert M. Contois, Jr., New Orleans, La., for defendant-appellant.
 Scott Baldwin, Marshall, Tex., James DeAnda, William R. Edwards, J. Robert McKissick, Corpus Christi, Tex., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellee filed this suit and elected to proceed under Rule 9(h), F.R.C.P. After a bench trial the court entered judgment for the plaintiff-appellee in the amount of $163,154.00. The appellant contends that the district court improperly applied the general safety requirements promulgated by the Corps of Engineers in finding the dredge, John H. Shary, unseaworthy. In addition, the appellant contends that there was insufficient evidence to support the district court's damage award, and that the appellee failed to mitigate his damages by undergoing corrective surgery.
 
 
 2
 The appellee suffered a severe back injury made the basis of this suit when he slipped in the dark on a wet catwalk constructed astride the dredge's discharge line. The discharge line and catwalk, an appurtenance of the dredge, extended from the John H. Shary for over one thousand feet and was subject to the motion of the sea. The catwalk consisted of two planks which when laid side by side were less than two feet wide. The walkway was interrupted at intervals by connecting sections and no handrails or rope extended over these gaps in the catwalk. No non-skid material was present on any part of the walkway. The district court found the vessel unseaworthy because of its failure to provide a non-skid surface on the catwalk and because of its failure to provide a handrail or safety line between the connecting sections of the catwalk where the appellee lost his footing.
 
 
 3
 Captain Clayton Spells, superintendent of the dredging operation on which the appellee was injured, testified that the appellant followed safety regulations promulgated by the Corps of Engineers. The pertinent section of these regulations which required non-slip surfaces to be provided on catwalks, was read into evidence. Accordingly the pertinent provisions of these regulations were properly incorporated in the district court's findings of fact and conclusions of law.
 
 
 4
 With respect to the damage award, the record also includes sufficient evidence to support the district court's findings. In fact, the district court's estimation of the present reasonable cash value of appellee's future wages was arguably modest. The testimony of physicians for both parties indicated that surgery offered no reasonable certainty of success which would permit appellee to return to work. The findings of the district court are supported by the record evidence and are not clearly erroneous.
 
 
 5
 Affirmed.