Steve LOYD, Plaintiff,

v.

RAM INDUSTRIES, INC., Defendant.

No. CIV. A. 97–0634–RV–C.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 27, 1999.

David Hilleren, Couington, LA, for plaintiff.

Roch P. Poelman, Lemle & Kelleher, L.L.P., New Orleans, LA, Douglas L. Brown, Armbrecht, Jackson, Demouy, et al., Mobile, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

VOLLMER, District Judge.

This matter is before the court upon cross-motions for summary judgment by plaintiff Steve Loyd (Doc. 22) and defendant Ram Industries, Inc. (Doc. 25) as to whether Loyd, a land-based maritime employee responsible for inspecting, maintaining and assisting in the function of a land-based appurtenance to a vessel in navigation, is a "seaman" under the Jones Act. After carefully reviewing the law and considering the submissions of the parties,[1] the court concludes that Loyd does not have seaman status. Accordingly, the court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

## I. FACTUAL BACKGROUND

The material facts are not in dispute.[2] Steve Loyd claims he was injured during the course of his employment with Ram Industries, Inc. ("Ram"). At the time of the accident, Ram was engaged in a dredging operation in the Bayou LaBatre Ship Channel, a navigable waterway in Bayou LaBatre, Alabama. In order to widen and deepen the channel, a floating dredge barge ("dredge") moved under its own power throughout the channel and removed debris from the bottom of the waterway, pumping the debris through a discharge pipe to an onshore dumpsite. The water-based section of the pipe was flexible and moved with the dredge. The land-based section of the pipe, which connected with the water-based section at the shoreline, was stationary and did not move. A booster pump was attached to the land-based section of the pipe approximately one-eighth of a mile inland. This pump provided the pressure necessary to move the debris from the dredge to the onshore dumpsite.

Loyd worked as an onshore pipeline man for Ram and was responsible for in-

---

1. The court has considered the following submissions: plaintiff's Motion for Summary Judgment (Doc. 22); plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. 23); plaintiff's Statement of Uncontested Material Fact; defendant's Motion for Summary Judgment (Doc. 25); defendant's Memorandum in Support of Motion for Summary Judgment (Doc. 26); defendant's Statement of Uncontested Material Facts; defendant's Opposition to Plaintiff's Motion for Summary Judgment (Doc. 28); defendant's Response to Plaintiff's Statement of Uncontested Material Fact (Doc. 29); plaintiff's List of Contested Facts and Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 30); and the parties' joint pre-trial document (Doc. 31).

2. Given that both parties filed motions for summary judgment, they are in agreement that there is no genuine issue of fact on the issue of whether Loyd has seaman status under the Jones Act. Although the parties characterize some facts differently, the court agrees that there is no issue of material fact and that therefore this case may be decided as a matter of law.

specting the land-based section of the discharge pipe and for repairing any leaks he found. He also performed maintenance on the onshore booster pump and cleared any debris clogging the pump. In addition, Loyd used a bulldozer to move sand and other material at the dumpsite. Loyd was not the master or a member of the crew of the dredge, and he did not perform any work on the water-based section of the discharge pipe. Loyd occasionally boarded the dredge to obtain tools and diesel fuel, but he did not spend more than 15 minutes onboard the dredge at any one time.

On April 24, 1997, Loyd was standing on a scaffold that Ram had installed to provide access to the booster pump. The pump had become clogged, and Loyd was in the process of removing a hatch cover when the scaffold gave way and fell over. Loyd allegedly fell to the ground and suffered several injuries as a result. On July 15, 1997, Loyd filed this suit against Ram under the Jones Act for negligence and under the general maritime law for unseaworthiness and for wages, maintenance and cure.

## II. SUMMARY JUDGMENT STANDARD

■ The question of whether a maritime employee is a "seaman" under the Jones Act "is of necessity fact specific" and thus is normally an issue for the jury to decide. *See McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991). However, because the question of seaman status is "a mixed question of law and fact," *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 87–88, 112 S.Ct. 486, 491–92, 116 L.Ed.2d 405 (1991), the court may properly remove the issue from the jury's consideration and enter summary judgment, *see Wilander*, 498 U.S. at 356, 111 S.Ct. at 818.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In ruling on a motion for summary judgment, the function of the court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 242–43, 106 S.Ct. 2505, 2507, 91 L.Ed.2d 202 (1986).

The standard for summary judgment is the same as that for a directed verdict: "the trial judge must grant [the motion] if, under governing law, there can be but one reasonable conclusion as to the verdict." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir.1996). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir.1997). Instead, "there must be a substantial conflict in evidence to support a jury question." *Id.* (quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

## III. DISCUSSION

■ The Jones Act provides an exclusive cause of action in negligence to "any seaman" who is injured during "the course of his employment." 46 U.S.C. § 688. In order to obtain seaman status, a maritime employee must establish an "employment-related connection to a vessel in navigation." *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 355, 111 S.Ct. 807, 817, 112 L.Ed.2d 866 (1991). This employment-related connection has two basic elements. First, the employee's duties "must contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 2190, 132 L.Ed.2d 314 (1995). This threshold requirement is very broad—the employee need not aid in navigation nor contribute to the transportation of the vessel but must merely "perform the work of the vessel." *Wilander*, 498 U.S. at 355, 111 S.Ct. at 817.

Second, the employee "must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and nature." *Chandris*, 515 U.S. at 368, 115 S.Ct. at 2190. One of the fundamental purposes of this requirement is to distinguish between sea- and land-based employment, because "land-based employment is inconsistent with Jones Act coverage." *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560, 117 S.Ct. 1535, 1543, 137 L.Ed.2d 800 (1997).

Ram does not dispute that Loyd satisfies the first step of this test. Loyd's inspection and maintenance of the booster pump and the land-based section of the discharge pipe contributed to the function of the dredge or the accomplishment of its mission. Nor does Ram dispute that the dredge is a vessel in navigation. Rather, Ram contends that Loyd does not satisfy the second step of this test because, as a land-based maritime employee, his connection to the dredge cannot be substantial in duration or nature.

Loyd counters that his connection to the dredge was substantial in duration because he worked exclusively on the discharge pipe and booster pump connected to the dredge for the entire period of his employment with Ram. He further argues that his connection to the dredge was substantial in nature because the booster pump and the land-based section of the discharge pipe to which he was assigned are appurtenances to the dredge.[3] Loyd then concludes that because he was assigned to an appurtenance of the vessel, he was assigned to the vessel itself and thus is entitled to seaman status despite the fact that he is a land-based employee.

The court disagrees. To effectuate the purpose of the substantial connection requirement, the court "must concentrate on whether [Loyd's] duties take him to sea." *Papai*, 520 U.S. at 555, 117 S.Ct. at 1540. This is because the Jones Act "is reserved for sea-based maritime employees whose work regularly exposes them to 'the special hazards and disadvantages to which they who go down to sea in ships are subjected.'" *Chandris*, 515 U.S. at 370, 115 S.Ct. at 2190 (quoting *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 104, 66 S.Ct. 872, 882, 90 L.Ed. 1099 (1946) (Stone, C.J., dissenting)).

Loyd's employment with Ram was almost entirely land-based. He was responsible for inspecting and maintaining the onshore booster pump and the land-based section of the discharge pipe. Loyd boarded the dredge only occasionally to obtain tools or fuel, and even then he was never onboard for more than 15 minutes at a time. Thus, he was never exposed to the "perils of the sea" that the Jones Act was designed to protect against. *See Chandris*, 515 U.S. at 354, 115 S.Ct. at 2183 (citing G. Gilmore & C. Black, Law of Admiralty § 6–21, at 328–29 (2d ed.1975)). Therefore, Loyd is not entitled to seaman status because, "whether under the Jones Act or the general maritime law, seamen do not include land-based workers." *Wilander*, 498 U.S. at 348, 111 S.Ct. at 814.

■ The fact that Loyd worked on appurtenances to a vessel in navigation does not change this result. Loyd cites *Liner v. J.B. Talley and Co.*, 618 F.2d 327 (5th Cir.1980), *Garcia v. Bauer Dredging Co.*, 506 F.2d 19 (5th Cir.1975), and *Parks v. Pine Bluff Sand & Gravel Co.*, 712 So.2d 905 (La.Ct.App.1998) for the proposition that a land-based employee who is assigned to an appurtenance of a vessel in navigation has seaman status under the Jones Act. However, a closer read of these

---

**3.** Curiously, Ram admits in its motion for summary judgment that the "shoreside pipeline and booster pump were appurtenances to the dredge," (Doc. 26), but then spills considerable ink in its subsequent motion in opposition to Loyd's motion for summary judgment arguing that the shoreside pipeline is not an appurtenance to the dredge (Doc. 28). Because, however, the court's ultimate resolution of the issue of Loyd's seaman status would be the same under either theory, the court assumes without deciding that the booster pump and the land-based section of the discharge pipe are appurtenances to the dredge.

cases, in which a seaman was injured either onshore or while working on an appurtenance to a vessel, reveals that they do not support this conclusion because it was undisputed that any of those employees had seaman status under the Jones Act. *See Liner,* 618 F.2d at 332; *Garcia,* 506 F.2d at 20; *Parks,* 712 So.2d at 909. Thus, these cases do little more than support the general principle that seaman "may recover under the Jones Act whenever they are in the service of a vessel, regardless of whether the injury occurs on or off the ship." *Chandris,* 515 U.S. at 360, 115 S.Ct. at 2185–86. These cases do not support Loyd's argument that a land-based maritime employee becomes a seaman simply because he works on, and is injured by, an appurtenance to a vessel in navigation. *Cf. Chandris* 515 U.S. at 361, 115 S.Ct. at 2186 ("Land-based maritime workers do not become seaman because they happen to be working on board a vessel when they are injured."). Therefore, because the undisputed facts demonstrate that Loyd is not a seaman, he is not entitled to relief under the Jones Act or general maritime law.

### IV. CONCLUSION

For the foregoing reasons, the court finds that plaintiff is not a seaman and therefore has no cognizable claims under the Jones Act for negligence or under general maritime law for unseaworthiness or for wages, maintenance and cure. Accordingly, defendant's motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED.**

### *JUDGMENT*

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, FINAL JUDGMENT is hereby entered in favor of defendant Ram Industries, Inc. and against plaintiff Steve Loyd. In accordance with the court's August 27, 1999 order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment, plaintiff shall recover NOTHING from defendant. Each party shall bear its own costs.